Kenneth O. HART, Appellant,

v.

BLUE RIBBON CONSTRUCTION COMPANY, Appellee.

No. 19668.

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1963.

Rehearing Denied Feb. 28, 1963.

Timothy P. Poulton, West Palm Beach, Fla., R. Bruce Jones, Jones, Adams, Paine & Foster, West Palm Beach, Fla., for appellant.

Louis M. Jepeway, Joseph Gassen, Jepeway & Gassen, Miami, Fla., for appellee.

Before TUTTLE, Chief Judge, and JONES and GEWIN, Circuit Judges.

PER CURIAM.

The appellant, Kenneth O. Hart, complains of the order of the United States District Court, Southern District of Florida, on his petition to review an order of a Referee in Bankruptcy. The District Court affirmed the order of the Referee.

Blue Ribbon Construction Company obtained a franchise from the City of Lantana, Florida, to furnish water and sewage facilities to certain lots owned by Blue Ribbon which it sold to Lindsey-Mundy Corporation for $2,850.00 per lot; $850.00 of the purchase price being allocated to the installation cost of running lines for the proposed service. Lindsey-Mundy made no down payment, but gave a purchase money mortgage to Blue Ribbon and thereafter mortgaged the property to Builders Finance Corporation for a construction loan, and Blue Ribbon subordinated its mortgage to the mortgage of Builders Finance which had the effect of making the latter a first mortgage. There is a statement in the subordination agreement and in the mortgage from Lindsey-Mundy to Blue Ribbon that Blue Ribbon will provide sewer and water mains at its own expense, and a statement to the effect that the agreement shall inure to the benefit of " * * * successors or assigns * * * ".

Lindsey-Mundy became a bankrupt and Builders Finance foreclosed its mortgage and became the purchaser at the sale. The property was sold in the bankruptcy proceedings free and clear of all liens. Thereafter, Hart purchased 25 lots from Builders Finance and now seeks a mandatory injunction to require Blue Ribbon to furnish a "hook-up" of the lines to the 25 houses at nominal cost and contends that he (Hart) should not be required to pay the $850.00 now demanded by Blue Ribbon.

The District Court held that at the foreclosure sale, Builders Finance could get only the interest which Lindsey-Mundy held in the land; that the water and sewage rights were not an interest in the land, and further that no effort was

made to convey the same to Hart. Accordingly, any obligation which existed between Blue Ribbon and Lindsey-Mundy with respect to water and sewage was not such an interest as was conveyed at the foreclosure sale; nor was any other effort made to transfer such rights to Hart. It was further held that no third party beneficiary rights were created in Hart.

We have carefully reviewed the order of the Referee and the order of the District Court affirming it and have concluded that it should be affirmed.

The judgment is

Affirmed.